UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSEM HOSSEIN, | No.  2:23-cv-2002 KJN P |
| Plaintiff, | |
| v. | |
| SHERIFF'S POLICE DEPARTMENT, et al., | ORDER |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

1   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4         As discussed below, plaintiff's complaint is dismissed with leave to amend.

5   <u>Screening Standards</u>

6         The court is required to screen complaints brought by prisoners seeking relief against a

7   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

9   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

17  Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at

20  1227.

21        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

24  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550 U.S. at 555.

28  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2

1    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

3    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

4    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

5    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

6    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7    The Civil Rights Act

8         To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a

9    federal constitutional or statutory right; and (2) that the violation was committed by a person

10   acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

11   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

12   rights claim unless the facts establish the defendant's personal involvement in the constitutional

13   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

14   constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

15   Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

16   theory that the official is liable for the unconstitutional conduct of his or her subordinates.

17   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

18   supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

19   established in a number of ways, including by demonstrating that a supervisor's own culpable

20   action or inaction in the training, supervision, or control of his subordinates was a cause of

21   plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

22   Discussion

23        First Claim

24        Plaintiff's allegations are unclear, but he claims he was attacked from behind.  To the

25   extent plaintiff alleges that a particular defendant used excessive force, plaintiff is advised that the

26   following standards govern such claims.

27        The Fourteenth Amendment's Due Process Clause applies to the use of excessive force

28   against pretrial detainees that amounts to punishment.  Kingsley v. Hendrickson, 576 U.S. 389,

1  397 (2015); Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002).  Force is

2  excessive if the officers' use of force was "objectively unreasonable" in light of the facts and

3  circumstances confronting them, without regard to their mental state.  Kingsley, 576 U.S. at 396;

4  see also Graham v. Connor, 490 U.S. 386, 397 (1989) (applying an objectively unreasonable

5  standard to a Fourth Amendment excessive force claim arising during an investigatory stop).  In

6  determining whether the use of force was reasonable, the Court should consider factors including,

7  but not limited to

8
9     the relationship between the need for the use of force and the amount
      of force used; the extent of the plaintiff's injury; any effort made by
      the officer to temper or to limit the amount of force; the severity of
10    the security problem at issue; the threat reasonably perceived by the
      officer; and whether the plaintiff was actively resisting.

11  Kingsley, 576 U.S. at 397.  Because officers are often forced to make split-second decisions in

12  rapidly evolving situations, the reasonableness of a particular use of force must be made "from

13  the perspective of a reasonable officer on the scene, including what the officer knew at the time,

14  not with the 20/20 vision of hindsight."  Id. at 2473-74 (citing Graham, 490 U.S. at 396).  Further,

15  "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's

16  chambers," violates the Constitution.  Graham, 490 U.S. at 396 (citation omitted).

17       Plaintiff's complaint does not address all of the factors set forth above and does not

18  identify each defendant and what such defendant did or did not do that allegedly violated

19  plaintiff's rights.  Plaintiff is granted leave to amend to address the above factors and identify the

20  culpable individuals.

21       Second Claim

22       Plaintiff sues the District Attorney of Sacramento County.  Plaintiff's claims against the

23  prosecutor are unclear.  However, actions allegedly taken during the prosecution of plaintiff are

24  barred by prosecutorial immunity.  A prosecutor is protected by absolute immunity from liability

25  in a civil rights suit for damages "when performing the traditional functions of an advocate."

26  Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273

27  (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  A prosecutor's advocacy functions are

28  those activities that are "intimately associated with the judicial phase of the criminal process ...."

1  <u>Imbler</u>, 424 U.S. at 430.  Such activities include, among other things, "initiating a prosecution and

2  [ ] presenting the State's case" at trial, even if such activities involve "the knowing use of false

3  testimony at trial, the suppression of exculpatory evidence, and malicious prosecution."  <u>Imbler</u>,

4  424 U.S. at 431.  Typical activities protected by prosecutorial immunity include "acts undertaken

5  by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur

6  in the course of [the prosecutor's] role as an advocate for the State."  <u>Buckley</u>, 509 U.S. at 273.

7  Defendant district attorney is entitled to prosecutorial immunity as to plaintiff's claims alleging

8  misconduct by defendant district attorney during the judicial phase of the criminal proceedings

9  against plaintiff.  Plaintiff should not include the district attorney in any amended complaint.

10       <u>Third Claim:  Sacramento County Superior Court</u>

11       Sacramento County Superior Court is a state agency and is thus immune from suit under

12  the Eleventh Amendment.  <u>See</u> <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156,

13  1161 (9th Cir. 2003) (Suit against state superior court is barred by the Eleventh Amendment);

14  <u>Greater Los Angeles Council on Deafness, Inc. v. Zolin</u>, 812 F.2d 1103, 1110 & n.10 (9th Cir.

15  1987) <u>superseded by statute on other grounds as stated in</u> <u>Buffin v. California</u>, 23 F.4th 951, 963

16  (9th Cir. 2022), ("[A] suit against the Superior Court is a suit against the State, barred by the

17  eleventh amendment.").  Accordingly, plaintiff should not name the Sacramento County Superior

18  Court as a defendant in any amended complaint.

19       <u>Third Claim:  State Court Judges</u>

20       State judges are absolutely immune from civil liability for damages for acts performed in

21  their judicial capacity.  <u>See</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 553-55 (1967) (applying judicial

22  immunity to actions under 42 U.S.C. § 1983); <u>See</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)

23  (noting that judicial immunity is an immunity from suit).  Plaintiff shall omit any claims against

24  state court judges in any amended complaint.

25       <u>Relief</u>

26       Plaintiff claims he does not want to go to superior court for jury trial but wants to go

27  home.  To the extent plaintiff seeks his immediate release from custody, the court cannot award

28  this relief in a civil rights action.  Plaintiff may request release from custody in a habeas corpus

1    petition pursuant to 28 U.S.C. § 2254.  Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (habeas

2    is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from

3    confinement).

4    Leave to Amend

5           The court finds the allegations in plaintiff's first claim are so vague and conclusory that it

6    is unable to determine whether the current action is frivolous or fails to state a claim for relief.

7    The court determines that the complaint does not contain a short and plain statement as required

8    by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

9    complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

10   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

11   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

12   Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

13   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

14          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

15   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g.,

16   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

17   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

18   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

19   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

20   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

21   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

22   268 (9th Cir. 1982).

23          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25   complaint be complete in itself without reference to any prior pleading.  This requirement exists

26   because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

27   v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

28   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

1    omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

2    function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

3    and the involvement of each defendant must be sufficiently alleged.

4         Finally, plaintiff should not cross out portions of the complaint form.  Rather, plaintiff

5    must specifically identify each individual plaintiff is naming as a defendant herein (ECF No. 1 at

6    2.)  Plaintiff must set forth the injury he contends he sustained as a result of the constitutional

7    violation, and he must identify the relief sought.  As noted above, plaintiff cannot obtain release

8    from prison by way of a civil rights complaint under 42 U.S.C. § 1983.

9         In accordance with the above, IT IS HEREBY ORDERED that:

10        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

12   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

14   Sacramento County Sheriff filed concurrently herewith.

15        3.  Plaintiff's complaint is dismissed.

16        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

17   Notice of Amendment and submit the following documents to the court:

18             a.  The completed Notice of Amendment; and

19             b.  An original of the Amended Complaint.

20   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

21   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

22   be filed on the court's form, bear the docket number assigned to this case and must be labeled

23   "Amended Complaint."  Failure to file an amended complaint in accordance with this order may

24   result in the dismissal of this action.

25        5.  The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by

26   a prisoner.

27   Dated:  November 28, 2023

28   /hoss2002.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ASSEM HOSSEIN,                          No.  2:23-cv-2002 KJN P

12                    Plaintiff,

13           v.                               NOTICE OF AMENDMENT

14    SHERIFF'S POLICE DEPARTMENT, et
      al.,
15                    Defendants.

16

17           Plaintiff submits the following document in compliance with the court's order

18    filed_____.

19    DATED:                 _____    Amended Complaint

20

21                                              _____
                                                Plaintiff
22

23

24

25

26

27

28