UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSEM HOSSEIN,<br><br>            Plaintiff,<br><br>      v.<br><br>SHERIFF'S POLICE DEPARTMENT, et al,<br><br>            Defendants. | No.  2:23-cv-2002 KJN P<br><br><br>ORDER |

By order filed November 28, 2023, plaintiff's complaint was dismissed, and thirty days leave to file an amended complaint was granted.  On December 8, 2023, plaintiff filed a letter stating he did not agree with the November 28, 2023 order, but he did not address the issues identified in the screening order or otherwise provide an amended complaint.  Plaintiff added that Officer Coby Anderson #908 robbed plaintiff after his arrest on June 5, 2023.  (ECF No. 16 at 2.)  On December 18, 2023, plaintiff filed another letter in which he objected to the court's filing fee being withdrawn from his inmate trust account.  Plaintiff added that Officer #908 C. Anderson took plaintiff's $1,000.00 and punched plaintiff two times.

To the extent that plaintiff is attempting to raise an excessive force claim as to Officer Anderson's use of force during plaintiff's arrest on June 5, 2023, in violation of the Fourth Amendment, such claim is governed by the following standards:

The use of excessive force by law enforcement officers in effectuating an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). The Ninth Circuit has articulated a three-step analysis to evaluate excessive force claims under the framework set forth by the Supreme Court in Graham. See Thompson v. Rahr, 885 F.3d 582, 586 (9th Cir. 2018) (citing Espinosa v. City & Cnty. of S.F., 598 F.3d 528, 537 (9th Cir. 2010), abrogated in part on other grounds by County of Los Angeles v. Mendez, 137 S. Ct. 1539 (2017).). First, the Court must assess "the severity of the intrusion" "by considering 'the type and amount of force inflicted.'" Thompson, 885 F.3d at 586. Second, the Court must evaluate the government's interest "by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." Espinosa, 598 F.3d at 537 (quoting Graham, 490 U.S. at 396). Third, the Court must balance "the gravity of the intrusion on the individual against the government's need for that intrusion . . . to determine whether the force used was 'greater than is reasonable under the circumstances.'" Id. (citation omitted).

Because reasonableness "is not capable of precise definition or mechanical application," the inquiry requires "attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396. Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Id. (citation omitted). Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." Id. at 396-97; see also Ames v. King Cnty., 846 F.3d 340, 348 (9th Cir. 2017). Determination of reasonableness therefore requires consideration of the totality of the circumstances. Mattos v. Agarano, 661 F.3d 433 (9th Cir. 2011). Consequently, courts consider other factors, such as the availability of alternative methods of capturing or detaining the suspect in determining reasonableness. Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir. 1994), cert. denied, 513 U.S. 1148 (1995).

Plaintiff is advised that if he is alleging that Officer Anderson used excessive force during the arrest, plaintiff must file an amended complaint naming Officer Anderson as a defendant and providing specific facts that address the standards set forth above.

As for plaintiff's claim that Officer Anderson "robbed" plaintiff of $1,000.00 in cash, it does not appear that plaintiff can state a cognizable claim based on such allegation.

Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. "California law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95).

Plaintiff appears to allege that Officer Anderson's taking of plaintiff's cash was not authorized but was intentional on Anderson's part. Thus, plaintiff cannot state a cognizable civil rights claim based on such unauthorized deprivation. Hudson, 468 U.S. at 533.

In light of plaintiff's recent filings, the court will grant plaintiff additional time to file an amended complaint. Plaintiff is cautioned, however, that failure to file an amended complaint will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days to file an amended complaint that complies with the November 28, 2023 order; and

2. The Clerk of the Court is directed to send plaintiff a copy of his original complaint (ECF No. 1), and the form for filing a civil rights complaint by a prisoner.

Dated: January 3, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hoss2002.36